IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-134-BO

| | |
|---|---|
| DAVID BEICHNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held on the motions before the undersigned on May 4, 2016, at Edenton, North Carolina. For the reasons discussed below, plaintiff's motion is granted the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively applied for DIB on December 5, 2011, and for SSI on December 6, 2011, alleging disability since April 1, 2009. His claim was denied initially and on reconsideration. An Administrative Law Judge (ALJ) then held a hearing and, after considering the claim de novo, issued a decision on May 23, 2014, finding that plaintiff was not disabled. In an order dated June 18, 2015, the Appeals Council denied plaintiff's request for review and the decision of the ALJ became the final decision of the Commissioner. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

After finding that plaintiff met the insured status requirement and had not engaged in substantial gainful activity since his alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: osteoarthritis, gout, obesity, chronic obstructive pulmonary disease, carpal tunnel syndrome, gastroesophageal reflux disease (GERD), bipolar disorder, anxiety, personality disorder, and history of cannabis dependence and cocaine dependence in remission. The ALJ found that plaintiff's impairments did not alone or in combination meet or equal a listing at step three, and found that during the relevant time period plaintiff had a residual functional capacity (RFC) to perform sedentary work with exertional and non-exertional limitations. The ALJ went on to find at step four that plaintiff could not perform his past relevant work but that, considering plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy, specifically document preparer and final assembler, which plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled as of the date of her decision.

Substantial evidence does not support the ALJ's decision. An "RFC is a measurement of the most a claimant can do despite his limitations . . . [and] is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms." *Hines v. Barnhart*, 453 F.3d 559, 562-63 (4th Cir. 2006). Additionally, when, as here, an ALJ relies on a vocational expert (VE) to determine whether jobs exist in the national economy that a plaintiff can perform, the VE's opinion "must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (internal citation omitted).

3

Dr. Vanden Bosch, plaintiff's treating orthopedist, opined in 2012 that, *inter alia*, plaintiff would be limited to lifting less than ten pounds occasionally and less than ten pounds frequently. Tr. 553. The ALJ afforded Dr. Vanden Bosch's opinion some weight, finding it somewhat consistent with the medical evidence of record and the nature of plaintiff's impairments. Tr. 21. The ALJ further noted that "[n]onetheless, such restrictions are accommodated in [plaintiff's] residual functional capacity assessment." Thus, although the ALJ did not give controlling or substantial weight to Dr. Vanden Bosch's opinion regarding plaintiff's functional limitations, *see, e.g., Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987), she accommodated his functional limitations in her RFC finding.

The ALJ's RFC limited plaintiff to sedentary work, which "requires the ability to lift no more than 10 pounds at a time and occasionally to lift or carry articles like docket files, ledgers, and small tools." SSR 96-09. When the VE in this matter was asked whether an individual could perform the sedentary jobs that she had previously identified if the individual was limited to lifting up to ten pounds occasionally, as provided by Dr. Vanden Bosch's opinion and adopted by the ALJ, the VE testified that those jobs would be eliminated and that "most of these [sedentary] jobs would be eliminated." Tr. 90-91. Because there is no evidence which is contrary to the hypotheticals presented to the VE based on the ALJ's RFC finding or the VE's testimony, substantial evidence does not support the ALJ's decision at step five that jobs existed in the national economy which plaintiff could perform.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v.*

4

*Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ explained her reasoning but the testimony of the VE based on the ALJ's hypothetical establishes that defendant did not carry her burden at step five.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED, defendant's motion for judgment on the pleadings [DE 26] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED for an award of benefits.

SO ORDERED, this _10_ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5